# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| STEPHANIE DOWLEN, | CIVIL ACTION NO. 3:21-CV-00396 |
| | JURY DEMAND |
| Plaintiff, | |
| | |
| v. | |
| | |
| AIRTECH INTERNATIONAL INC., | |
| | |
| Defendant. | |

---

## DEFENDANT AIRTECH INTERNATIONAL INC.'S ANSWER AND AFFIRMATIVE DEFENSES

---

COMES NOW, Defendant Airtech International Inc. ("Airtech"), by and through counsel Gordon Rees Scully Mansukhani, and files the following Answer and Affirmative Defenses in response to Plaintiff Stephanie Dowlen's ("Plaintiff") Complaint ("Complaint"):

### PARTIES

1. Concerning the allegations of Paragraph 1 of the Complaint, Defendant is without knowledge or information sufficient to admit or deny the allegations and, therefore, denies the same.

2. Concerning the allegations of Paragraph 2 of the Complaint, Defendant admits its registered agent for service of process is Airtech International, Inc., 210 Evergreen Dr, Springfield, TN 37172-5882. Defendant denies the remaining allegations.

3. Concerning the allegations of Paragraph 3 of the Complaint, such allegations contain legal

1

conclusions to which no response is required. To the extent a response is required, the allegations are denied.

4. Concerning the allegations of Paragraph 4 of the Complaint, such allegations contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

5. Concerning the allegations of Paragraph 5 of the Complaint, such allegations contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

6. Concerning the allegations of Paragraph 6 of the Complaint, such allegations contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

**JURISDICTION AND VENUE**

7. Concerning the allegations of Paragraph 7 of the Complaint, such allegations contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

8. Concerning the allegations of Paragraph 8 of the Complaint, such allegations contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

9. Concerning the allegations of Paragraph 9 of the Complaint, such allegations contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## FACTS

10. Concerning the allegations of Paragraph 10 of the Complaint, Defendant admits Plaintiff was hired on January 19, 2015 and was separated from employment on July 9, 2020; Defendant denies the allegations in this Paragraph.

11. Concerning the allegations of Paragraph 10 of the Complaint, such allegations contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

12. Concerning the allegations of Paragraph 12 of the Complaint, Defendant admits the allegations.

13. Concerning the allegations of Paragraph 13 of the Complaint, Defendant admits it employed 75 employees or more during Plaintiff's employment; Defendant denies the remaining allegations in this Paragraph.

14. Concerning the allegations of Paragraph 14 of the Complaint, Defendant admits Plaintiff worked in the Custom Products Department and that her job duties included, but were not limited to, tasks involved in the manufacture of airplane wings; Defendant denies the remaining allegations in this Paragraph.

15. Concerning the allegations of Paragraph 15 of the Complaint, Defendant admits Assembly Technicians may work at various stations; Defendant denies the remaining allegations in this Paragraph.

16. Concerning the allegations of Paragraph 16 of the Complaint, Defendant denies Plaintiff exclusively worked the Ply-Cutter. Concerning the remaining allegations, such allegations contain legal conclusions to which no response is required. To the extent a response is required, the

allegations are denied.

17. Concerning the allegations of Paragraph 17 of the Complaint, Defendant denies Plaintiff worked the Arena nearly every day with no rotation to other workstations. Concerning the remaining allegations, Defendant is without knowledge or information sufficient to admit or deny the allegations and, therefore, denies the same.

18. Concerning the allegations of Paragraph 18 of the Complaint, Defendant is without knowledge or information sufficient to admit or deny the allegations and, therefore, denies the same.

19. Concerning the allegations of Paragraph 19 of the Complaint, Defendant is without knowledge or information sufficient to admit or deny the allegations and, therefore, denies the same.

20. Concerning the allegations of Paragraph 20 of the Complaint, Defendant admits Plaintiff's FMLA paperwork states it was medically necessary for Plaintiff to be absent from work during flare-ups because "her foot pain can flare up and make it hard for her to walk or stand for long periods. " Concerning the remaining allegations, Defendant denies the allegations.

21. Concerning the allegations of Paragraph 21 of the Complaint, Defendant denies the allegations.

22. Concerning the allegations of Paragraph 22 of the Complaint, Defendant is without knowledge or information sufficient to admit or deny the allegations and, therefore, denies the same.

23. Concerning the allegations of Paragraph 23 of the Complaint, Defendant denies the allegations.

24. Concerning the allegations of Paragraph 24 of the Complaint, Defendant admits Plaintiff's FMLA paperwork states her condition commenced on approximately May 13, 2020, the probable duration of her condition was indefinite, the signing physician treated Plaintiff on May 21, 2020, Plaintiff would need to have treatment visits at least twice per year due to the condition, Plaintiff was not unable to perform any of her job functions due to the condition, Plaintiff's condition will cause episodic flare-ups periodically preventing Plaintiff from performing her job function, that it was medically necessary for Plaintiff to be absent from work during the flare-ups because "her foot pain can flare up and make it hard for her to walk or stand for long periods," and the estimated frequency of these flare-ups is 6 times per 1 month; Defendant denies the remaining allegations in this Paragraph.

25. Concerning the allegations of Paragraph 25 of the Complaint, Defendant admits it approved Plaintiff's intermittent FMLA request. Concerning the remaining allegations, Defendant denies the allegations.

26. Concerning the allegations of Paragraph 26 of the Complaint, Defendant denies the allegations.

27. Concerning the allegations of Paragraph 27 of the Complaint, Defendant admits Plaintiff spoke to one supervisor about foot pain. Concerning the remaining allegations, Defendant denies the allegations.

28. Concerning the allegations of Paragraph 28 of the Complaint, Defendant denies the allegations.

29. Concerning the allegations of Paragraph 29 of the Complaint, Defendant admits Plaintiff spoke to one supervisor about foot pain. Concerning the remaining allegations, Defendant denies

the allegations.

30. Concerning the allegations of Paragraph 30 of the Complaint, Defendant denies the allegations.

31. Concerning the allegations of Paragraph 31 of the Complaint, Defendant is without knowledge or information sufficient to admit or deny the allegations and, therefore, denies the same.

32. Concerning the allegations of Paragraph 32 of the Complaint, Defendant is without knowledge or information sufficient to admit or deny the allegations and, therefore, denies the same.

33. Concerning the allegations of Paragraph 33 of the Complaint, Defendant admits it permanently terminated Plaintiff's employment due to a lack of work available as a result of COVID-19; Defendant denies the remaining allegations in this Paragraph.

34. Concerning the allegations of Paragraph 34 of the Complaint, Defendant denies the allegations.

35. Concerning the allegations of Paragraph 35 of the Complaint, Defendant admits Plaintiff is not employed by Defendant; Defendant denies the remaining allegations in this Paragraph.

36. Concerning the allegations of Paragraph 36 of the Complaint, Defendant admits is has posted openings for the position of Assembly Technician. Concerning the remaining allegations, Defendant denies the allegations.

**COUNT I**

37. Defendant incorporates its responses to Paragraphs 1 through 36 above as if fully set forth herein.

38. Concerning the allegations of Paragraph 38 of the Complaint, such allegations contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

39. Concerning the allegations of Paragraph 39 of the Complaint, such allegations contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

40. Concerning the allegations of Paragraph 40 of the Complaint, Defendant denies the allegations.

41. Concerning the allegations of Paragraph 41 of the Complaint, such allegations contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

42. Concerning the allegations of Paragraph 42 of the Complaint, Defendant denies the allegations.

43. Concerning the allegations of Paragraph 43 of the Complaint, Defendant denies the allegations.

44. Concerning the allegations of Paragraph 44 of the Complaint, Defendant denies the allegations.

45. Concerning the allegations of Paragraph 45 of the Complaint, Defendant denies the allegations.

46. Concerning the allegations of Paragraph 46 of the Complaint, such allegations contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## COUNT II

47. Defendant incorporates its responses to Paragraphs 1 through 46 above as if fully set forth herein.

48. Concerning the allegations of Paragraph 48 of the Complaint, such allegations contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

49. Concerning the allegations of Paragraph 49 of the Complaint, such allegations contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

50. Concerning the allegations of Paragraph 50 of the Complaint, Defendant denies the allegations.

51. Concerning the allegations of Paragraph 51 of the Complaint, Defendant denies the allegations.

52. Concerning the allegations of Paragraph 52 of the Complaint, Defendant denies the allegations.

## COUNT III

53. Defendant incorporates its responses to Paragraphs 1 through 52 above as if fully set forth herein.

54. Concerning the allegations of Paragraph 54 of the Complaint, such allegations contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

55. Concerning the allegations of Paragraph 55 of the Complaint, such allegations contain legal

conclusions to which no response is required. To the extent a response is required, the allegations are denied.

56. Concerning the allegations of Paragraph 56 of the Complaint, Defendant denies the allegations.

57. Concerning the allegations of Paragraph 57 of the Complaint, Defendant denies the allegations.

58. Concerning the allegations of Paragraph 58 of the Complaint, Defendant denies the allegations.

59. Concerning the allegations of Paragraph 59 of the Complaint, such allegations contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

**COUNT IV**

60. Defendant incorporates its responses to Paragraphs 1 through 59 above as if fully set forth herein.

61. Concerning the allegations of Paragraph 61 of the Complaint, such allegations contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

62. Concerning the allegations of Paragraph 62 of the Complaint, such allegations contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

63. Concerning the allegations of Paragraph 63 of the Complaint, Defendant denies the allegations.

64. Concerning the allegations of Paragraph 64 of the Complaint, Defendant denies the allegations.

65. Concerning the allegations of Paragraph 65 of the Complaint, Defendant denies the allegations.

## COUNT V

66. Defendant incorporates its responses to Paragraphs 1 through 65 above as if fully set forth herein.

67. Concerning the allegations of Paragraph 67 of the Complaint, Defendant denies the allegations.

68. Concerning the allegations of Paragraph 68 of the Complaint, Defendant denies the allegations.

69. Concerning the allegations of Paragraph 69 of the Complaint, such allegations contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

70. Concerning the allegations of Paragraph 70 of the Complaint, such allegations contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

71. Concerning the allegations of Paragraph 71 of the Complaint, such allegations contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

72. Concerning the allegations of Paragraph 72 of the Complaint, Defendant denies the allegations.

73. Concerning the allegations of Paragraph 73 of the Complaint, such allegations contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

74. Concerning the allegations of Paragraph 74 of the Complaint, Defendant denies the allegations.

75. Concerning the allegations of Paragraph 75 of the Complaint, Defendant denies the allegations.

76. Concerning the allegations of Paragraph 76 of the Complaint, Defendant denies the allegations.

77. Concerning the allegations of Paragraph 77 of the Complaint, Defendant denies the allegations.

78. Concerning the allegations of Paragraph 78 of the Complaint, such allegations contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

**RELIEF REQUESTED**

Concerning the Relief Requested in Plaintiff's Complaint, Defendant denies Plaintiff is entitled to any relief. Defendant denies the allegations set forth in Plaintiff's Relief Requested, immediately following Paragraph 78 of the Complaint.

Defendant prays that this Court will enter judgment in its favor and against Plaintiff.

**GENERAL DENIAL**

Defendant specifically denies each and every allegation not expressly admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff failed to exhaust administrative remedies.

### SECOND AFFIRMATIVE DEFENSE

The Complaint and each of the separate counts set forth therein fail to state a claim upon which relief may be granted, and should be dismissed.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were caused by the acts and failures to act of persons and entities other than Defendant.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were caused by Plaintiff's acts, failures, or negligence.

### FIFTH AFFIRMATIVE DEFENSE

Defendant's actions were performed in good faith and without malice or discriminatory intent.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff suffered no injury or damage as a result of the conduct of Defendant.

### SEVENTH AFFIRMATIVE DEFENSE

All of Defendant's acts were performed fairly and for a lawful purpose, and its conduct was in compliance with its obligations under applicable law.

### EIGHTH AFFIRMATIVE DEFENSE

Some or all of the damages sought by Plaintiff are not available under law.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's own bad faith.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

## TWELFTH AFFIRMATIVE DEFENSE

If Plaintiff was damaged as alleged in the Complaint, or at all, she failed to mitigate her alleged damages and any recovery herein shall be barred or, accordingly, reduced to the extent that such damages were not mitigated.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's employment was terminable at-will and any alleged termination of Plaintiff was not unlawful.

## FOURTEENTH AFFIRMATIVE DEFENSE

Each and every act or statement done or made by Defendant and its officers, employees, or agents with reference to the matters at issue, was a good faith assertion of its rights and obligations, and therefore, was privileged or justified.

## FIFTEENTH AFFIRMATIVE DEFENSE

Any and all decisions made and actions taken by Defendant and/or on Defendant's behalf were made and taken in the exercise of proper managerial discretion and in good faith for reasons unrelated to Plaintiff and for valid business reasons.

## SIXTEENTH AFFIRMATIVE DEFENSE

Any and all claims for punitive damages set forth in the Complaint violate the Eighth and Fourteenth Amendments of the United States Constitution.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Given the facts underlying this dispute, any award of punitive or exemplary damages to Plaintiff would violate Defendant's rights to procedural due process and to substantive due process as provided by the Fifth and the Fourteenth Amendments to the United States Constitution.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant's conduct and treatment of Plaintiff was based on legitimate, non-discriminatory and non-retaliatory reasons that were unrelated to Plaintiff's alleged assertion of rights under the FMLA, the ADA, or the TDA. In the alternative, if any action taken by Defendant was motivated in part by discrimination and/or retaliation, an allegation Defendant denies, Defendant would have taken the same action irrespective of such motive.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot state a claim for retaliation because Plaintiff did not engage in protected conduct.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff cannot state a claim for disability discrimination because Plaintiff is not a qualified individual with a disability and no reasonable accommodation existed that would have allowed Plaintiff to perform the essential functions of her job.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff cannot state a claim for disability discrimination because any reasonable

accommodation for Plaintiff would have caused a direct threat to Plaintiff or others.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff cannot state a claim for disability discrimination because any reasonable accommodation for Plaintiff would have caused an undue hardship on the operation of Defendant's business.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims fail, as a matter of law, because the cessation of her employment did not occur under any circumstances that raise a reasonable inference of unlawful discrimination.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendant denies that it regarded Plaintiff as having a disability.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Should Defendant be found liable for any of Plaintiff's claims, Plaintiff's recovery should be limited or obviated by the after-acquired evidence doctrine.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be governed by an arbitration agreement between Plaintiff and Defendant, and such agreement requires that all such claims be resolved by arbitration.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail due to insufficient service of process.

DATED: July 12, 2021　　　　　　　　　　GORDON REES SCULLY MANSUKHANI, LLP

　　　　　　　　　　　　　　　　　　　　*/s/Heather Gwinn Pabon*
　　　　　　　　　　　　　　　　　　　　Heather Gwinn Pabon, BPR 25931
　　　　　　　　　　　　　　　　　　　　3401 Mallory Lane, Suite 120
　　　　　　　　　　　　　　　　　　　　Franklin, Tennessee 37067

Phone: (615) 772-9010
hgwinn@grsm.com

Attorney for Defendant
Airtech International Inc.

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on July 12, 2021, a true and correct copy of the foregoing document was filed and served electronically on all counsel of record, whom are indicated below, via CM/ECF:

Heather Moore Collins
Anne Hunter
Ashley Shoemaker Walter
Collins & Hunter PLLC
7000 Executive Drive, Suite 320
Brentwood, Tennessee 37027
heather@collinshunter.com
anne@collinshunter.com
ashley@collinshunter.com

Signed: */s/ Heather Gwinn Pabon*
Heather Gwinn Pabon

16

Case 3:21-cv-00396   Document 10   Filed 07/12/21   Page 16 of 16 PageID #: 59