IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

STEPHANIE DOWLEN,

    Plaintiff,

v.

AIRTECH INTERNATIONAL INC.,

    Defendant.
_____/

Case No. 3:21-cv-00396

Judge Campbell
Magistrate Judge Frensley

JURY DEMAND

# FIRST AMENDED COMPLAINT

Defendant Airtech International Inc. ("Airtech,") ignored the plain language of the ADAAA when it refused to accommodate, created a hostile work environment and then terminated Plaintiff, Ms. Dowlen ("Dowlen"), due to her disability and protestations of discrimination. For over five years, Ms. Dowlen worked without incident as a Technician at Airtech and was promoted to Team Lead in 2017. After she requested a reasonable accommodation and leave pursuant to the FMLA, she was forced to work long hours without shoes in violation of doctor's orders and was terminated after she complained about her treatment and the failure to accommodate her. Airtech violated the Americans with Disabilities Act, the Tennessee Disability Act and the Family and Medical Leave Act.

## PARTIES

1. Plaintiff, Stephanie Dowlen, ("Plaintiff" or "Ms. Dowlen") is a citizen and resident of Old Hickory, Davidson County, Tennessee, and a former employee of Defendant. Plaintiff worked at Defendant's Springfield, Tennessee location.

2. Defendant Airtech International Inc. ("Airtech,") is a Tennessee nonprofit

corporation. Its registered agent for service of process is Airtech International Inc 210 Evergreen Drive, Springfield, TN 37172-5882.

3. At all material times, Defendant has been an employer as defined by the ADA, 42 U.S.C. § 12111.

4. Plaintiff is a qualified individual with a disability under 29 C.F.R. §1630.2(g) and (h)(1).

5. At all material times, Defendant has been an employer as defined by the Tennessee Disabilities Act, T.C.A. § 8-50-103 ("TDA").

6. At all times material to this action, based on information and belief, Defendant has employed 50 or more employees for each working day during each of 20 or more calendar workweeks in 2019 and/or 2020 and is an "employer" as defined by the FMLA, 29 U.S.C. § 2601.

## JURISDICTION AND VENUE

7. This is an action for unlawful employment practices brought under the Americans with Disabilities Act 42 U.S.C. §§ 12101 *et. seq.* ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA") (Counts I - II) the Tennessee Disability Act, T.C.A. § 8-50-103 ("TDA") (Counts III and IV), and the Family and Medical Leave Act, 29 U.S.C. § 2601 (Count V).

8. The Court has jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(4), and 1367(a). Venue is proper under 28 U.S.C. § 1391.

9. Plaintiff complied with all conditions precedent to the filing of her claims pursuant to 42 U.S.C. § 12101 *et. seq*, to wit: charges of discrimination were filed with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the unlawful employment practices; the EEOC issued Plaintiff Notices of Right to Sue for the charge and this action was commenced and subsequently amended within 90 days of receipt of Notices of Right to Sue.

## FACTS

10. Plaintiff, Stephanie Dowlen, was employed by Defendant from January 19, 2015 until her termination on July 9, 2020. She was promoted to Team Lead in 2017 and served in that position until her termination.

11. Ms. Dowlen is a qualified individual with a disability under 29 C.F.R. §1630.2(h). In particular, she has a physical disability which affects major life activities of walking, standing, and working. Moreover, her disability affects the major bodily systems of the skeletal, muscular and neurological systems.

12. Defendant is a for profit company that manufactures plastic films for use in a variety of industries, including the aerospace industry.

13. Defendant employs more than 75 employees at its Springfield, Tennessee location.

14. At all times, Charging Party worked in the Custom Products Department ("CPD"). In this role, Charging Party constructed consumable items that are used by Airtech's customers in their process of manufacturing parts of airplane wings.

15. The Technician position included various workstations, including Ply Cutter, Sealers, Arena, Tables, MHI/KHI, Conversion, Pack Out, and Sewing. The Arena workstation required employees to work both standing and kneeling, without shoes on, due to the product placement.

16. For three to four years prior to her termination, Ms. Dowlen exclusively worked the Ply-Cutter. She could perform this task without any accommodation.

17. She was then assigned to the Arena floor. Ms. Dowlen worked the Arena nearly every day for ten hours a day with no rotation to other workstations.

18. In 2020, Charging Party began having issues with pain in her feet exacerbated by

3

her assignment to the Arena floor.

19. Ms. Dowlen consulted a doctor and was diagnosed with a neuroma. A neuroma is a painful condition that causes a burning sensation, tingling and numbness between the toes and the ball of the foot.

20. Following her doctor's appointment, she informed Airtech that she would be unable to work the Arena workstation for longer than six hours a day, as it aggravated her condition via working without shoes, as noted by her physician.

21. Despite notice of her disability, Airtech refused to engage in an interactive process with her to determine whether it could accommodate her. Instead, Airtech continued to force her work on the Arena workstation for the full shift.

22. Ms. Dowlen made clear that she did not need to avoid the Arena workstation completely, but rather she simply could not work that station for the full 10-hour shift and needed to rotate.

23. On May 27, 2020, after repeated refusal by Airtech to reasonably accommodate, Ms. Dowlen had her physician fill out the required FMLA paperwork and submitted it to HR.

24. Her physician notified Airtech on the FMLA paperwork that Ms. Dowlen's condition commenced on May 13, 2020, the duration was indefinite, that she was last treated on May 21, 2020, that she would need treatments at least twice a year, that she was not unable to perform her job functions [as provided by the employer], that she would need monthly follow up appointments, and have episodic flare ups making it hard to stand or walk for long periods, approximately six times per month.

25. On June 7, 2020, Airtech approved intermittent FMLA for Ms. Dowlen which allowed her to leave work 6 days out of the month when needed due to her disability.

26. Airtech failed to discuss accommodation despite being aware of her condition and as a result Ms. Dowlen was forced to repeatedly take FMLA leave each and every time she was assigned this work location for a full shift.

27. Ms. Dowlen complained to her supervisors about being exclusively assigned to the arena floor and not being rotated as an accommodation for her disability.

28. After engaging in protected activity of requesting an accommodation, requesting FMLA leave, taking FMLA leave, and complaining about not being accommodated, Airtech retaliated by assigning Ms. Dowlen exclusively to the arena floor.

29. Ms. Dowlen notified several supervisors of her disability and pain and requested to be moved to other workstations throughout the day. She informed her direct supervisors and the plant manager that the arena floor exacerbated her pain and requested to be rotated to another workstation for a portion of her workday so she could wear shoes.

30. Airtech was on notice that Ms. Dowlen had a disability and was requesting an accommodation. However, Airtech refused to engage in an interactive process with her and failed to give her any ADA reasonable accommodation paperwork, and failed to inform her of her right to request a reasonable accommodation.

31. Upon information and belief, other employees, who were not disabled nor receiving accommodations, were assigned to other job areas exclusively, did not rotate, and did not have to work the arena floor.

32. Ms. Dowlen found that Airtech's refusal to accommodate her and its retaliation in assigning her to a 10-hour shift on the arena where she could not wear shoes, created an environment which was both objectively and subjectively hostile. Ms. Dowlen endured extreme pain, could not work a full day, and was quickly running through her unpaid FMLA leave.

33. After just two months of requesting and using FMLA leave, Airtech terminated Ms. Dowlen on July 9, 2020. Ms. Dowlen's separation paperwork states that her separation was "due to COVID-19" for "Lack of work" and was "Permanent."

34. Upon information and belief, Ms. Dowlen's co-workers, who were not disabled and not on FMLA, were temporarily laid off, not terminated permanently.

35. Ms. Dowlen filed a Charge of Discrimination with the EEOC on August 27, 2020, alleging discrimination and retaliation. The EEOC issued this Charge a Right to Sue on February 24, 2021.

36. Following Ms. Dowlen's initial Charge of Discrimination, on information and belief, Airtech began to rehire Ms. Dowlen's former coworkers who had been temporarily laid off due to COVID-19.

37. Despite there being several open positions that Ms. Dowlen could fill, she has not been returned to work.

38. Additionally, as of the summer of 2021, Airtech offered several available positions, for which Ms. Dowlen is qualified, in its Springfield, Tennessee location including assembly technician. Airtech continues to contact and return employees who were previously laid off to their original positions. Airtech has not contacted Ms. Dowlen regarding her position and Ms. Dowlen has not been rehired.

39. Following this failure to rehire, Ms. Dowlen filed a second Charge of Discrimination on August 3, 2021.

40. The EEOC issued Ms. Dowlen a Right to Sue for her second Charge on October 8, 2021.

## Count I
## Violation of ADA/ADAAA- Disability Discrimination

41. Plaintiff restates and incorporates herein the above paragraphs in their entirety.

42. Pursuant to the ADAAA, an individual is considered to have a disability if she has a physical impairment that substantially limits one or more major life activities, has a record of such an impairment, or is regarded as having such impairment.

43. Plaintiff was a qualified individual with a disability; she had a disorder that affected her skeletal, muscular and neurological systems, and was an impairment that substantially limited her in one or more major life activities, or she was regarded as disabled.

44. Defendant discriminated and retaliated against Plaintiff on the basis of her disability or regarded her as disabled in violation of the ADA that culminated in her termination.

45. Plaintiff could perform the essential functions of her job. Plaintiff made a request for reasonable accommodation, including, but not limited to, rotation out of the arena floor position and not work a full 10-hour shift without shoes.

46. Plaintiff was discriminated against and eventually terminated because of her disability and/or in retaliation for her request for a reasonable accommodation.

47. Defendant failed to engage in an interactive process to determine a reasonable accommodation for Plaintiff's disability.

48. Defendant failed to rehire Plaintiff, in contrast to similarly situated, non-disabled employees.

49. The adverse actions Plaintiff endured, included, a discriminatory hostile work environment, termination because of her disability, and failure to rehire because of her disability.

50. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

51. As a result, Plaintiff is entitled to recover her damages, including lost wages and benefits, compensatory and punitive damages, attorneys' fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which she may be entitled.

## Count II
## Violation of ADAAA- Retaliation

52. Plaintiff restates and incorporates herein the foregoing paragraphs.

53. It is federal public policy and law under the Americans with Disabilities Act that employees must be able to exercise their rights under state law without fear of reprisal or penalty from an employer.

54. Plaintiff engaged in protected activity under the ADA when she requested an accommodation and objected to and protested disability discrimination in the workplace. Plaintiff requested an accommodation and reported disability discrimination to the Plant Manager. Such actions by the Plaintiff are statutorily protected activities under ADAAA.

55. In violation of the ADAAA, Defendant retaliated against Plaintiff by subjecting Plaintiff to a retaliatory hostile work environment, assigning her to long shifts forcing her to endure pain, and discharging her employment in retaliation for exercising her rights under the ADAAA.

56. Defendant retaliated against Plaintiff because of her protected activity by taking adverse action against Plaintiff. As a result of Plaintiff's request for an accommodation, and report of discrimination and harassment, Defendant took adverse employment actions against Plaintiff for a pretextual reason which culminated in her termination and Defendant's refusal to re-hire her.

57. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

### Count III
### Violation of TDA- Disability Discrimination

58. Plaintiff restates and incorporates herein the above paragraphs in their entirety.

59. Pursuant to the TDA, an individual is considered to have a disability if he or she has a physical or mental impairment that substantially limits one or more major life activities.

60. Plaintiff was a qualified individual with a disability.

61. Defendant discriminated against Plaintiff on the basis of her disability in violation of the TDA that culminated in her termination.

62. Plaintiff was discriminated against, eventually terminated, and not rehired because of her disability.

63. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

64. As a result, Plaintiff is entitled to recover her damages, including lost wages and benefits, compensatory and punitive damages, attorneys' fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which she may be entitled.

### Count IV
### Violation of TDA- Retaliation

65. Plaintiff restates and incorporates herein the foregoing paragraphs.

66. It is the public policy and state law of Tennessee that employees must be able to exercise their rights under state law without fear of reprisal or penalty from an employer.

67. Plaintiff objected to and protested disability discrimination in the workplace. Such actions by the Plaintiff are statutorily protected activities under TDA.

68. In violation of the TDA, Defendant retaliated against Plaintiff discharging her employment and refusing to re-hire her in retaliation for exercising her rights under the TDA.

69. Defendant retaliated against Plaintiff because of her protected activity by taking adverse action against Plaintiff. As a result of Plaintiff's complaints and protests of disability discrimination in the workplace, Defendant took adverse employment actions against Plaintiff for a pretextual reason.

70. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

## Count V
## Violation of FMLA

71. Plaintiff restates and incorporates herein the foregoing paragraphs.

72. Defendant retaliated against Plaintiff for taking FMLA protected leave.

73. Defendant interfered with Plaintiff's FMLA rights.

74. At all times material to this action, Plaintiff was an eligible employee under the FMLA, 29 U.S.C. § 2611(2)(a)(i)(ii).

75. Defendant is an eligible employer under the FMLA, 29 U.S.C. § 2611(4)(A)(i).

76. Plaintiff was entitled to receive FMLA leave to care for her own serious health condition.

77. Defendant subjected Plaintiff to disparate terms and conditions of employment after she requested and took FMLA, including but not limited to, assigned her solely to the arena floor,

an assignment which exacerbated her condition, and retaliating against her after she requested and took FMLA leave.

78. Plaintiff was entitled to receive FMLA on an intermittent basis.

79. Defendant interfered with Plaintiff's right to take FMLA leave by forcing her to take excessive FMLA leave and by terminating her during the pendency of her FMLA leave preventing her from utilizing it.

80. Defendant's actions constitute interference and/or retaliation violations of the FMLA.

81. Defendant's conduct was a motivating factor in adverse employment actions against Plaintiff.

82. Defendant's conduct harmed and caused damage to Plaintiff.

83. As a result, Plaintiff is entitled to recover damages, including lost wages and benefits, liquidated damages, attorneys' fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which she may be entitled.

## RELIEF REQUESTED

Plaintiff respectfully requests:

1. A jury trial;

2. Back pay and damages for lost benefits, insurance and reimbursement for medical costs due to the loss of her insurance;

3. Reinstatement or front pay;

4. Compensatory damages for embarrassment, humiliation, stress, anxiety, inconvenience, and loss of enjoyment of life;

5. Punitive damages;

6. Liquidated damages under the FMLA;

7. Attorneys' fees and expenses;

8. Prejudgment interest and, if applicable, post-judgment interest; and

9. Such other and further legal or equitable relief to which she may be entitled under the ADAAA, the TDA, the FMLA and any other statutory or common law.

Respectfully submitted,

*/s Caroline Drinnon*
Heather Moore Collins BPR # 026099
Caroline Drinnon BPR # 037016
Collins & Hunter PLLC
7000 Executive Center Drive, Suite 320
Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
heather@collinshunter.com
caroline@collinshunter.com

*Attorneys for Plaintiff*

12

Case 3:21-cv-00396   Document 20   Filed 01/07/22   Page 12 of 12 PageID #: 109